UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAW RAHMAN, | CASE NO. C11-1338-RSM |
| Plaintiff, | ORDER ON MOTIONS |
| v. | |
| THE BOEING COMPANY, et al., | |
| Defendants. | |

Plaintiff Shaw Rahman, proceeding *pro se,* bring claims against Defendants for unlawful employment practices, suspension and/or termination in violation of Title VII of the Civil Rights Act of 1964 and RCW 49.60, *et seq.* This matter comes before the Court upon Defendant's Motion to Dismiss (Dkt. # 4) and Plaintiff's Motion to Remand (Dkt. # 7). For the reasons set forth below, Plaintiff's Motion for Remand is DENIED and Defendant's Motion to Dismiss is GRANTED.

A federal court has an independent duty to determine whether subject matter jurisdiction exists. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir.2004). Therefore, the Court examines Plaintiff's Motion to Remand prior to addressing

Defendants' motion to dismiss. Defendants removed this action on the basis of 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by defendant or the defendants, to the district court of the United States embracing the place where such action in pending." Defendants contend that this court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) as well as "arising under" jurisdiction pursuant to 28 U.S.C. § 1331. Dkt. # 1. Plaintiff moves to remand on the basis that he is a Washington resident, thus destroying complete diversity.[1] Dkt. # 7. Plaintiff, however, does not address federal jurisdiction under 28 U.S.C. § 1331 for claims "arising under the … laws… of the United States." Plaintiff's complaint includes allegations of federal violations of Title VII of the Civil Rights Act of 1964. This Court has jurisdiction over any claims arising under a federal statute. *See* 28 U.S.C. § 1331. Further, the Court has supplemental jurisdiction over pendent state law claims. *See* 28 U.S.C. § 1367. Accordingly, Plaintiff's motion to remand is DENIED.

Defendants move to dismiss Plaintiff's complaint on the basis of improper service,[2] failure to timely file his charge with the EEOC, and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Dkt. # 4. Plaintiff has failed to respond to Defendant's motion to dismiss. "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). In addition, there is good cause to dismiss Plaintiff's action on the merits.

---

[1] Defendants concede that diversity jurisdiction does not exist if Plaintiff is a Washington resident.
[2] Defendants have since waived their objections to improper service "because Defendants have actual notice of Mr. Rahman's claims, and because they prefer to see the Court proceed to the merits of the dispute." Dkt. # 9, p. 2.

Under Title VII of the Civil Rights Act of 1964, a Plaintiff must file a charge with the EEOC prior to filing suit. *See* 42 U.S.C. 2000e-5(e)(1). The latest date upon which an EEOC charge may be brought is 300 days after the alleged violation. *Id.* Here, Plaintiff alleges that he was terminated by Boeing on August 8, 2008. *See* Dkt. # 1, Ex. A. He filed his Charge of Discrimination with the EEOC on April 11, 2011, almost three years after the date of his dismissal. Accordingly, since Plaintiff failed to meet the statutory deadline for filing a Charge of Discrimination with the EEOC, Plaintiff's Title VII claims are hereby DISMISSED. *See, e.g., Eidenbock v. Chales Schwab & Co., Inc.,* 283 Fed.Appx. 549, 550 (9th Cir. 2008) (affirming dismissal of Title VII action for failure to file charge with EEOC within 300 days).

Defendants seek to dismiss Plaintiff's other claims as failing to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. 556). In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). The Court is not, however, bound to accept the plaintiff's legal conclusions. *Iqbal*, 129 S. Ct. at 1949-50. While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Here, Plaintiff alleges various inconsistencies with respect to his suspension and subsequent termination. He alleges that he was given untruthful written warnings; that he was refused corporate phone records that would have supported his contention that he had called his manager when he was out sick; that he was reprimanded for delegating work when he was actually given authority to do so; and that he was asked to complete tasks for which he did not have training. *See* Dkt. # 1, Ex. A. He also states that he was asked to see Boeing Medical and refused a request to visit an Independent Medical Examiner. *Id.* Plaintiff does not explain how any of this alleged conduct relates to his allegation that he was discriminated against "[w]ith a combination of race, religion, retaliation to discrimination." *Id.* In short, Plaintiff's complaint does not "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face" under state or federal law. *Iqbal,* 129 S. Ct. at 1951. Accordingly, Defendants' motion to dismiss is GRANTED.

Having reviewed the motions, responses, and replies thereto, the attached exhibits and declarations, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion to Remand (Dkt. # 7) is DENIED.

(2) Defendants' Motion to Dismiss (Dkt. # 4) is GRANTED. This case is hereby dismissed with prejudice.

(3) The Clerk of the Court is directed to forward a copy of this Order to Plaintiff and to all counsel of record.

Dated this 16th day of September 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE